# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LOPEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MEDINA, et al.,<br><br>　　　　Defendants. | No. 1:19-cv-00794-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF and REQUESTING ASSISTANCE OF WARDEN AND LITIGATION COORDINATOR**<br><br>(Doc. 3)<br><br>TWENTY-ONE (21) DAY DEADLINE<br><br>Clerk of Court to Assign a District Judge |

　　　　Plaintiff, Kenneth Lopez, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On June 6, 2019, this action was transferred to this Court from the Sacramento Division. (Doc. 5.) Along with the Complaint, Plaintiff filed a motion for emergency injunctive relief to single-cell housing based on security concerns. (Doc. 3.) Although the Complaint has been placed in line for screening, the safety issues raised in Plaintiff's motion warrant early consideration.

　　　　"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits and to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008) (citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as a matter of right. In each case, courts must balance the competing claims of injury and must consider the effect on each party of the

granting or withholding of the requested relief. In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.*, at 24 (citations and quotations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Id.*, at 22.

Requests for prospective relief are further limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

"An inmate seeking an injunction on the ground that there is a contemporary violation of a nature likely to continue, must adequately plead such a violation; . . . ." *Farmer v. Brennan*, 511 U.S. 825, 845-46 (1994) (citations and quotations omitted). It is after screening, such as in opposition to an motion for summary judgment, that a plaintiff "must come forward with evidence from which it can be inferred that the defendant-officials were at the time suit was filed, and are at the time of summary judgment, knowingly and unreasonably disregarding an objectively intolerable risk of harm, and that they will continue to do so; and finally to establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future." *Id.*, at 845-46. However, at the pleading stage, the Court is not in a position to address the merits of a claim which require submission of evidence as opposed to simply determining whether a claim has been stated. *Barrett v. Belleque*, 544 F.3d 1060 (9th Cir. 2008).

As noted above, Plaintiff's Complaint is in line for screening. As such, the Court has not yet ascertained whether Plaintiff has stated any cognizable claims, let alone whether he is entitled to the relief he requests. Even after screening, assuming Plaintiff states at least one cognizable claim, his request for a temporary restraining order/injunctive relief cannot be adequately addressed until evidence is submitted. Thus, Plaintiff's request must be denied without prejudice at this time. Further, the claims on which Plaintiff proceeds in this action arise from events that allegedly occurred at California State Prison - Corcoran ("CSP-Cor") and High Desert State Prison ("HDSP"). As Plaintiff was subsequently transferred and is currently housed at Salinas

Valley State Prison ("SVSP"), he lacks standing in this action to seek relief directed at remedying his current conditions of confinement at SVSP. To the extent that his motion seeks relief to remedy his conditions of confinement when he was housed at CSP-Cor or HDSP, it was rendered moot on his transfer to SVSP. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). Thus, Plaintiff's motion for a preliminary injunction should be denied. However, given the seriousness of Plaintiff's allegations—both in the Complaint and in his motion—the Warden and the Litigation Coordinator are requested to look into the matter and ensure that Plaintiff has safe housing accommodations.[1]

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for injunctive relief, filed May 31, 2019, (Doc. 3), be DENIED. The Clerk's Office is directed to assign a district judge to this case, *and* to forward a copy of this order and Plaintiff's motion to the Warden and Litigation Coordinator at SVSP, so they may facilitate safe housing for Plaintiff.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 10, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

---

[1] How this is best facilitated in light of Plaintiff's housing status and other custody or classification factors is left to the sound discretion of prison officials.